**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | FILED: AUGUST 8, 2008 |
| **LABORERS' WELFARE FUND OF THE** | ) | 08CV4506 |
| **HEALTH AND WELFARE DEPARTMENT** | ) | JUDGE MANNING |
| **OF THE CONSTRUCTION AND GENERAL** | ) | MAGISTRATE JUDGE ASHMAN |
| **LABORERS' DISTRICT COUNCIL OF** | ) | EDA |
| **CHICAGO AND VICINITY, and JAMES S.** | ) | |
| **JORGENSEN, Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge** |
| **INGLESIDE EXCAVATING INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of

the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N.

Carollo and Charles Ingrassia, for their Complaint against Defendant Ingleside Excavating Inc.,

(the "Defendant") state:

**COUNT I**

**(Failure To Submit Reports and/or Pay Employee Benefit Contributions)**

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331 and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff Jorgensen is the Administrator of the Funds and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      The Defendant is an Illinois corporation.  It does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  The Union and the Defendant are parties to a collective bargaining agreement, the most recent of

2

which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Defendant which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Defendant to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.      The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Builders' Association of Greater Chicago ("BAC"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Road Builders Association ("IRBA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Defendant to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Defendant, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9.    The Agreement and the Funds' respective Agreements and Declarations of Trust require the Defendant to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.    The Agreement obligates the Defendant to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant has:

(a)    failed to submit reports and/or contributions to Plaintiff Laborers' Pension Fund for the period of May 2008 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to submit reports and/or contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of May 2008 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to submit reports and/or contributions to Laborers' Training Fund for the period of May 2008 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

4

(d)     failed to report and/or pay all contributions owed to one or more of the other affiliated funds identified above for the period of May 2008 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)     failed to obtain and maintain a surety bond in accordance with the terms of the Agreement.

12.     The Defendant's failure to submit timely reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, and federal common law, the Defendant is liable to the Funds for unpaid contributions, as well as interest, liquidated damages and accumulated liquidated damages on the unpaid contributions, audit costs, if any, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ingleside Excavating Inc., as follows:

a.     ordering the Defendant to submit benefit reports and contributions for the time period of May 2008 forward, and to submit the Defendant's books and records to an audit upon demand;

b.     entering judgment in sum certain against Defendant on the amounts due and owing pursuant to the May 2008 forward reports and contributions, audit if any, including

5

interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs;

c.      awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT II

### (Failure To Submit Reports and Pay Union Dues)

14.     Plaintiffs reallege paragraphs 1 through 11 of Count I.

15.     Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.  Union dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

16.     Notwithstanding the obligations imposed by the Agreement, the Defendant has failed to submit union dues reports and/or dues that were or should have been withheld from the wages of its employees performing covered work for the period of May 2008 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

17.     Pursuant to the Agreement and federal common law, the Defendant is liable to the Funds for the unpaid union dues, as well as liquidated damages, audit cost, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Ingleside Excavating Inc., ordering the Defendant to submit current dues reports and dues for the period of May 2008 forward, ordering the Defendant to submit its books and records for an audit upon demand, ordering the Defendant to pay any union dues revealed as due and owing on the delinquent reports and audit, if any, together with all late fees, attorneys' fees and costs, audit costs, and any other legal and equitable relief as the Court deems appropriate.

### COUNT III

### (Failure To Pay Employee Benefit Contributions)

18.    Plaintiffs reallege paragraphs 1 through 11 of Count I; and paragraphs 14 through 17 of Count II.

19.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant has, as shown in a true and accurate copy of the audit conducted of the Defendant for the period of September 10, 2007 through March 31, 2008 attached hereto as Exhibit B with a true and accurate copy of the audit summary sheet attached as Exhibit B-1:

(a)    failed to report and pay contributions in the amount of $2,609.96 owed to Plaintiff Laborers' Pension Fund for the audit period of September 10, 2007 through March 31, 2008, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to report and pay contributions in the amount of $3,662.22 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of September 10, 2007 through

7

March 31, 2008, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $101.09 owed to Laborers' Training Fund for the period of September 10, 2007 through March 31, 2008, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $55.14 owed to the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of September 10, 2007 through March 31, 2008, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $36.76 owed to the Chicago Area Independent Contractors' Association ("CAICA"), for the audit period of September 10, 2007 through March 31, 2008, thereby depriving CAICA of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(f)     failed to report and pay contributions in the amount of $22.98 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit period of September 10, 2007 through March 31, 2008, thereby depriving LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

8

20.    Pursuant to the terms of the Agreement, the Funds' respective Agreements and Declarations of Trust, and federal common law, the Defendant is obligated to pay up to 20 percent liquidated damages for all contributions which are not paid in a timely fashion, plus interest. Accordingly, the Defendant owes $521.99 in liquidated damages and accumulated liquidated damages to the Pension Fund, $732.44 in liquidated damages and accumulated liquidated damages to the Welfare Fund, $20.22 in liquidated damages to the Training Fund, $5.51 in liquidated damages to LDCLMCC, $3.68 in liquidated damages to CIACA, and $2.30 in liquidated damages to LECET, plus interest, on the amounts set forth in paragraph 19.

21.    Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant is obligated to pay the costs of any audit which reveals unpaid contributions. The cost of the audit which revealed the above delinquencies was $600.00.

22.    The Defendant's actions in failing to timely submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

23.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, and federal common law, the Defendant is liable to the Funds for unpaid contributions, as well as interest, liquidated damages, accumulated liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ingleside Excavating Inc., as follows:

9

a.      entering judgment in sum certain against the Defendant on the amounts due and

owing pursuant to the audit for the period of September 10, 2007 through March 31, 2008,

including interest, liquidated damages, accumulated liquidated damages, audit costs, and

attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems

appropriate.

### COUNT IV

### (Failure To Pay Union Dues)

24.     Plaintiffs reallege paragraphs 1 through 11 of Count I; paragraphs 14 through 17 of

Count II; and paragraphs 19 through 23 of Count III.

25.     Notwithstanding the obligations imposed by the Agreement, the Defendant has

failed to withhold and/or report to the Union and forward to the union $418.90 in dues that were

deducted or should have been deducted from the wages of its employees for the audit period of

September 10, 2007 through March 31, 2008, plus $41.89 in liquidated damages on that amount,

thereby depriving the Union of income and information.

26.     Pursuant to the Agreement and federal common law, the Defendant is liable to the

Funds for the unpaid union dues, as well as liquidated damages on the unpaid dues and on late

paid dues, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and

such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Ingleside Excavating Inc., for the amount of the union dues owed pursuant to the audit conducted

for the period of September 10, 2007 through March 31, 2008, together with all liquidated

damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the

Court deems appropriate.

August 9, 2008                                    Laborers' Pension Fund, et al.

                                                 By: _____
                                                     Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540

11